WATTS, J.
Respectfully, I concur. I join Judge McDonald’s excellent opinion, and write separately only to observe that our holding in this case implies a responsibility that is not required by Maryland Rule 4-215(e) — namely, if an indigent defendant discharges counsel for a meritorious reason, a circuit court must upon request consider whether to exercise its authority to appoint new counsel. See Maj. Op. at 669, 121 A.3d at 128. From my perspective, this case illustrates the desirability that Maryland Rule 4-215(e) be reviewed by the Standing Committee on Rules of Practice and Procedure. Seven years ago, Judge Moylan aptly observed: “For a judge to traverse [Maryland] Rule 4-215 is to walk through a minefield. A miracle might bring one across unscathed. For mere mortals, the course will seldom be survived.” Garner v. State, 183 Md.App. 122, 127, 960 A.2d 649, 651 (2008), aff'd, 414 Md. 372, 995 A.2d 694 (2010). Regrettably, despite having been amended three times since then, Maryland Rule 4-215 remains a minefield. Indeed, Judge McDonald acknowledges that Maryland Rule 4-215(e)’s silence on “the situation of an indigent defendant entitled to appointed counsel” could be a “source of confusion[.]” Maj. Op. at 668, 121 A.3d at 128. Given that our holding in this case appears to impose upon circuit courts a responsibility that is not addressed in Maryland Rule 4-215(e), I would refer to the Rules Committee the issue of amending Maryland Rule 4-215(e) to clarify what a circuit court must do after determining whether or not there is a meritorious reason for discharge of counsel.
For the above reasons, respectfully, I concur.